

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-08-098-CR

JOHN MANUEL CALDERON A/K/A                                          APPELLANT
JOHN M. CALDERON

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In a single point, appellant John Manuel Calderon claims that the evidence is legally and factually insufficient to support his conviction for retaliation. We affirm.

On March 15, 2007, around six o'clock in the morning, Arlington Police Officer Anthony "Tony" Crowsey was patrolling eastbound on Park Row in

---

[1] *See* Tex. R. App. P. 47.4.

Arlington, Tarrant County, Texas, when he saw a tan Ford Explorer run the stop sign at a southbound crossing street and fish-tail into the westbound lane. Officer Crowsey swerved from the inside lane of the four-lane roadway to the outside lane, as it appeared the Explorer would swing wide into the oncoming lane of traffic. When the Explorer passed, the officer executed a u-turn to get behind it, and the Explorer accelerated before turning at the first right. The Explorer sped through a residential neighborhood, ran a second stop sign, and made a right-hand turn and then immediately another right onto Randall Street, where it entered a driveway and stopped.

Officer Crowsey had already activated his patrol car's emergency lights, and he engaged the siren when he saw the Explorer run the second stop sign. He drove into the driveway behind the Explorer and pulled the driver, appellant, out and to the ground, handcuffed him, and identified him as appellant. Officer Crowsey recognized appellant from other calls in the area, but had never had any prior contact with him.

Initially, appellant was cooperative as he tried to convince the officer to let him go, but when Crowsey placed him in the patrol car for transport to jail, appellant's demeanor changed, and he became "very agitated" and "very angry." Appellant began screaming that as soon as he got out of jail, he was going to come looking for the officer and kill him and his family. Appellant

2

continued making threats, with increasing detail, during the entire five-to-six-minute ride to jail. Once they arrived, appellant refused to exit the patrol car, and the officer resorted to pepper spray to extract appellant from the car and move him into the jail.

At trial, a jury found appellant guilty of the offense of retaliation, and after punishment evidence showed that appellant had previously served a six-year prison term for attempted murder, the jury assessed his sentence at eight years' confinement. The trial court sentenced appellant accordingly.

On appeal, appellant challenges the legal and factual sufficiency of the evidence to support the verdict.

In reviewing legal sufficiency, we consider all the evidence in the light most favorable to the verdict and determine whether a rational juror, based on the evidence and reasonable inferences supported by the evidence, could have found the essential elements of the crime beyond a reasonable doubt.[2]

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.[3]

---

[2] *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

[3] *Neal v. State*, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008) *cert. denied, 129 S. Ct. 1037 (2009)*; *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).

We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the factfinder's determination is manifestly unjust.[4] To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict.[5]

A person commits retaliation when he intentionally or knowingly threatens to harm another by an unlawful act in retaliation for or on account of the service or status of another as a public servant.[6]

In the instant case, Officer Crowsey testified that appellant began making threats when he was placed in the patrol car and was told that he was going to go to jail. When viewed in the light most favorable to the verdict, we believe that based on this testimony alone a rational juror could find beyond a reasonable doubt that appellant threatened Officer Crowsey in retaliation for or

---

[4] *Lancon v. State*, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); *Watson*, 204 S.W.3d at 414–15, 417.

[5] *Watson*, 204 S.W.3d at 417.

[6] Tex. Penal Code Ann. § 36.06(a)(1)(A) (Vernon Supp. 2008).

4

on account of the officer's service as a public servant in taking him to jail.[7]
Therefore, we hold that the evidence is legally sufficient.

In challenging the factual sufficiency of the evidence, appellant asserts (1) that the evidence shows that the officer and appellant had a "prior relationship" because the officer's report identified appellant as a "known suspect," and (2) that it is "just as likely" that appellant threatened the officer because he was angry at having been "jerked out of his vehicle and thrown to the ground" as it is that he made the threats on account of the officer's service or status as a public servant.

Officer Crowsey testified that although he had recognized appellant from other calls in the area, he had not had any previous contact with him, and that at the time he wrote the report, appellant was only a "known" suspect because he had been identified. Appellant contends that this testimony indicates that the officer had known appellant from the past and that, contrary to the officer's denial that he had had previous contact with appellant, they did indeed have a history of contact that would lead to appellant making threats against the officer. We defer to the jury's determination of the weight to be given allegedly

---

[7] *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Hooper*, 214 S.W.3d at 13.

contradictory testimonial evidence because the record does not clearly reveal that a different result is appropriate.[8]

As to appellant's contention that it was "just as likely" that appellant threatened the officer because he was angry at the way in which the officer extracted him from his vehicle and forced him to the ground, Officer Crowsey testified that appellant did not begin making threats until *after* he was arrested and told he was going to jail. We find that this evidence was not so weak as to render the verdict unfair or manifestly unjust, nor was the evidence that appellant claims does not support the verdict so overwhelming as to render the verdict unfair or manifestly unjust.[9]

Having found the evidence legally and factually sufficient, we overrule appellant's sole point and affirm the trial court's judgment.

PER CURIAM

PANEL: CAYCE, C.J.; LIVINGSTON and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 5, 2009

---

[8] *See Johnson v. State*, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000).

[9] *See Watson*, 204 S.W.3d at 414–15, 417; *Johnson*, 23 S.W.3d at 11.